### SECURITIES AND EXCHANGE COMMISSION v. TIMETRUST, Inc., et al.
### Civil Action No. 21,180-S.

District Court, N. D. California, S. D.

Dec. 13, 1940.

See, also, 33 F.Supp. 590.

E. Forrest Tancer, of San Francisco, Cal., and J. Leonard Townsend and Thomas A. Schwartz, both of Washington, D. C., for Securities and Exchange Commission.

Dreher, McClellan & McCarthy, of San Francisco, Cal., for A. P. Giannini.

Keyes & Erskine, of San Francisco, Cal., for L. Mario Giannini.

Bacigalupi, Elkus & Salinger, of San Francisco, Cal., for Timetrust, Inc., Meredith Parker, and Ralph W. Wood.

Gumpert & Mazzera, of Stockton, Cal., for H. E. Blanchett.

Keyes & Erskine, of San Francisco, Cal., for Bank of America, etc.

John L. McNab, of San Francisco, Cal., for John M. Grant.

SAMES, District Judge.

The issues upon which this case was tried before the court sitting without a jury are all raised and set forth in the complaint of the Commission and the answers of the several defendants thereto and need not here be reiterated. There is no occasion to outline here the testimony which extends over four thousand pages of the transcript, exclusive of the exhibits in evidence. Briefs of counsel for the respective parties on which the case was submitted have been examined and considered with all. of the evidence, from which the court finds:

1. The defendants A. P. Giannini, L. Mario Giannini, .John M. Grant, Meredith Parker, Ralph W. Wood and H. E. Blanchett collaborated in the organization of the defendant corporation Timetrust, Incorporated, and in the formulation of the plan of its activities and its operations.

2. The defendant Timetrust, Incorporated, was organized for the purpose of distributing to permanent investors stock of the defendant Bank of America National Trust & Savings Association, owned by the Transamerica Corporation, which was under the management of the defendants A. P. Giannini, L. Mario Giannini and John M. Grant.

3. The distribution of the stock of the defendant Bank of America National Trust & Savings Association was effected by the remaining defendants through the medium of selling Timetrust certificates on installment payments; when received by the defendant Timetrust, Incorporated, such payments, after the deduction of certain charges and fees, were used for the purchase of stock of said Bank of America National Trust & Savings Association, at the market price then prevailing, and the account of each certificate purchaser making a payment credited with his proportionate share in the stock so purchased.

4. Without so disclosing to the purchasers of Timetrust certificates, the defendants, through their activities in the market, stabilized the market price of stock of said Bank of America National Trust & Savings Association purchased by Timetrust, Incorporated, for the accounts of investors in its certificates.

5. The defendant Bank of America National Trust & Savings Association afforded its facilities to its co-defendants in effecting sales of certificates of Timetrust, Incorporated, and in collecting the payments therefor; it distributed literature of Timetrust, Incorporated, and counselled with its salesmen and prospective purchasers of its certificates.

6. The United States mails were used by the defendants in promoting and effecting sales of certificates of the defendant Timetrust, Incorporated.

7. Untrue statements of material facts and omission to state material facts necessary to be stated in order to make statements made in the light of the circumstances under which they were made not misleading, as alleged in subparagraphs (a) to (c) inclusive, and (e) to (o) inclusive of paragraph VIII of plaintiff's complaint, were made to prospective purchasers by salesmen of the defendant Timetrust, Incorporated, to induce the purchase of said certificates.

8. After a prospective purchaser had made his first payment with his application to purchase a Timetrust certificate, he was furnished with a written certificate issued by Timetrust, Incorporated, which together with the "Agreement of Trust" expressly made a part thereof, fully and correctly described the investment plan of the defendant Timetrust, Incorporated.

The defendants have sought to absolve themselves of any vice in the method of selling Timetrust certificates by disavowing and disclaiming any responsibility for the untrue statements alleged to have been made to prospective purchasers, contending that the entire transaction is contained in the written certificate and agreement of trust. The Court holds that the purpose of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., may not be so defeated. From

the facts found by the Court, it holds that the conduct of the defendants is contrary to the Securities Act of 1933.

It is therefore ordered that the defendants be and they are hereby enjoined as prayed in the complaint.